UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VETH K.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:22-CV-5999-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not violate Plaintiff's constitutional rights; properly evaluated the medical opinion evidence, Plaintiff's testimony, and lay witness testimony; and properly assessed Plaintiff's residual

1  functional capacity ("RFC"). Accordingly, the Court affirms the ALJ's decision in finding

2  Plaintiff not disabled.

3  <center>FACTUAL AND PROCEDURAL HISTORY</center>

4  On November 6, 2013, Plaintiff filed for DIB, alleging disability as of April 24, 2013.

5  *See* Dkt. 14; Administrative Record ("AR") 79-80, 90-91. The application was denied upon

6  initial administrative review and on reconsideration. *See* AR 87, 99.

7  ALJ S. Andrew Grace held a hearing on January 28, 2016 and issued a decision on

8  January 30, 2017 finding Plaintiff not disabled. AR 25-44, 49-75. After Plaintiff's requested

9  review of the ALJ's decision to the Appeals Council was denied, Plaintiff sought judicial review

10 in this Court. AR 15-20. On September 11, 2019, this Court reversed ALJ Grace's decision and

11 remanded for further proceedings. AR 679-86.

12 On remand, ALJ Jo Hoenninger held a hearing on May 28, 2020 and issued a decision on

13 July 1, 2020, finding Plaintiff not disabled through September 20, 2018. AR 602-58. Plaintiff

14 again sought judicial review in this Court, and pursuant to the stipulation of both parties, this

15 Court remanded the case for further proceedings on August 18, 2021. AR 1458-62.

16 On remand, ALJ Hoenninger held three hearings. AR 1310-99. On the February 17, 2022

17 hearing, medical expert Dr. Abdolali Elmi testified. AR 1310-40. On the February 23, 2022

18 hearing, vocational expert ("VE") Mark Harrington testified. AR 1341-73. The ALJ then held a

19 supplemental hearing on June 29, 2022 so VE Harrington could testify again. AR 1374-99.

20 Though Plaintiff was not present in the June 2022 hearing, her counsel attended. AR 1376.

21 On August 30, 2022 ALJ Hoenninger issued a decision again finding Plaintiff not

22 disabled. AR 1274-1309. In pertinent part, the ALJ found that from Plaintiff's alleged onset date

23

24

through September 30, 2018, Plaintiff had the RFC to perform light work with several limitations. AR 1284-85. Plaintiff now seeks judicial review of the ALJ's August 2022 decision.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ: (1) violated her constitutional right to procedural due process, (2) erred in evaluating the medical opinion evidence, (3) erred in evaluating her subjective symptom testimony, (4) erred in evaluating lay witness evidence, (5) and based step five findings on an erroneous RFC. Dkt. 14, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ Violated Plaintiff's Constitutional Rights**

Plaintiff contends the ALJ violated her constitutional right to procedural due process. Dkt. 14, p. 4. The Court rejects this argument.

Procedural due process requires a social security claimant receive "meaningful notice and an opportunity to be heard before [her] claim for disability benefits may be denied." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Plaintiff argues technical difficulties during the February 23, 2022 hearing resulted in her counsel missing twenty minutes of the VE's testimony. Dkt. 14, p. 4. During the February 23, 2022 hearing, Plaintiff's counsel notified the ALJ he was not able to hear VE Harrington's full response to the ALJ's first hypothetical. AR 1364. The record shows that after Plaintiff notified

the ALJ of the audio issue, the ALJ summarized the VE's answers, and Plaintiff's counsel made no further objections. AR 1365-67.

Plaintiff also argues she was not able to testify during the June 2022 hearing. Dkt. 14, p. 4. The record shows the ALJ's several attempts to contact Plaintiff were unsuccessful, and Plaintiff's counsel nonetheless agreed to proceed with the hearing even without Plaintiff present. AR 1376-81.

Plaintiff also argues the ALJ erred during the June 2022 hearing by referring to an interrogatory form that contained only VE Harrington's signature and relying on evidence missing from the record. Dkt. 14, p. 4. The form includes two hypotheticals regarding Plaintiff's RFC and a summary of the VE's February 2022 testimony. AR 1808-15. The record indicates Plaintiff's counsel was aware of the contents of the interrogatory, as he inquired about the summaries contained therein. AR 1383-84. The record also shows Plaintiff's counsel made no objections to the ALJ's reference to the form during the hearing. *See* AR 1378-82, 1390.

Finally, Plaintiff argues that throughout the February 2022 and June 2022 hearings, "the ALJ demonstrated an unwillingness to allow [her] attorney to question witnesses without excessive interruption." Dkt. 14, p. 4. However, during the February 17, 2022 hearing, Plaintiff's counsel was able to confirm with the medical expert his proposed limitations and was given an opportunity to ask any further questions before the hearing ended. AR 1327-37. Similarly, during the other hearings, the conversations between the ALJ and Plaintiff's counsel while VE Harrington was testifying were for clarification purposes, and Plaintiff's counsel was always provided an opportunity to follow up with any further questions. AR 1367-72, 1384-92.

Reviewing the transcript, it is clear neither Plaintiff's counsel nor Plaintiff was disadvantaged by the technical difficulties encountered in the hearings, the ALJ's reference to

the interrogatory form, or the ALJ's comments during the experts' testimonies. Plaintiff fails to show these issues were such harmful errors that they would be consequential to the ALJ's decision. *See Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (the Court affirms "under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion"); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Further, "[w]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Neither Plaintiff nor her counsel raised these objections during the hearings, and they cannot raise them now. Failure to comply with this rule is excused only "when necessary to avoid a manifest injustice," but the Court finds no such result here. *See id*. Accordingly, the Court finds the ALJ did not violate Plaintiff's constitutional right to procedural due process.

**II.     Whether the ALJ Properly Evaluated Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinions of examining physicians (1) Dr. Gomes (2) Dr. Harrison, and Dr. Branting, as well as reviewing physician (3) Dr. Elmi. Dkt. 14, pp. 4-15. Plaintiff also summarizes much of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any other opinions other than those discussed herein. Dkt. 14, pp. 8-15. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus will only consider the ALJ's evaluation of the opinions of the four physicians specifically raised.

Plaintiff's application was filed before March 27, 2017. AR 28, 79-80, 90-91, 160. Pursuant to the applicable rules, in assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**A. Dr. Gomes**

Dr. Manuel Gomes examined Plaintiff in May 2018 and opined she has difficulty with performing simple and repetitive tasks, detailed and complex tasks, and completing work activities on a consistent basis without special or additional instruction. AR 1948. He further opined Plaintiff has difficulty with maintaining regular attendance in the workplace, completing a normal workday or workweek without interruptions, and dealing with usual stress encountered in the workplace. AR 1949.

The ALJ first discounted Dr. Gomes's opinion for its vagueness. AR 1297. An ALJ may discount a medical opinion when it fails to specify a claimant's functional limitations. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (affirming the ALJ's rejection of a medical opinion where a physician described claimant's limitations as "limited" or "fair"). Dr. Gomes's lack of

definition for the terms "will have difficulty" and "will not have difficulty" do not sufficiently address the range of Plaintiff's functionalities, despite Plaintiff's mental impairments. *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). Thus, in discounting Dr. Gomes's opinion for its vagueness, the ALJ did not err.

The ALJ also discounted Dr. Gomes's opinion because it was inconsistent with Plaintiff's limited course of mental health treatment and limited reports of mental health symptoms. AR 1297. An ALJ may discredit a medical opinion if it unsupported by either the record as a whole or by objective medical findings. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ's assessment is proper as Plaintiff's medical record consists mostly of treatment notes regarding Plaintiff's physical symptoms and relatively shows little regarding her mental health. *See* AR 872-1273. Moreover, when Plaintiff did discuss her mental health, it was in conjunction with external stressors, improvement from medication, or express denial of her mental health symptoms. AR 1236-37. The ALJ also noted that in a May 2018 mental evaluation, Plaintiff was not seeking treatment for her mental health symptoms, taking only medication related to her physical symptoms. AR 1948. Given that Plaintiff's records throughout the relevant period concerned mostly Plaintiff's physical symptoms and Plaintiff herself indicated her mental health symptoms were managed with medication or she refused medication, the ALJ could reasonably discount Dr. Gomes's opinion. Accordingly, in evaluating Dr. Gomes's opinion, the ALJ did not err.

**B. Dr. Branting and Dr. Harrison**

Plaintiff contends the ALJ erred in discounting the opinion of examining physicians, Dr. Branting and Dr. Harrison. Dkt. 14, p. 5.

Dr. Nicholas Branting examined Plaintiff in March 2017 and opined Plaintiff is limited to lifting/carrying 20 pounds occasionally and 10 pounds frequently, and reaching, handling, fingering, and feeling frequently. AR 292-95.

The ALJ specifically discounted Dr. Branting's opinion regarding Plaintiff's manipulative, reaching, handling, fingering, and feeling limitations because it was inconsistent with other evidence in the record. AR 1286-87. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson*, 359 F.3d at 1195 (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record). Here, the ALJ cited treatment notes showing full range of motion in Plaintiff's wrist, strength in her arms and shoulder, though she did report some pain. AR 336, 449, 1089, 1139, 1185. The ALJ also cited the findings by other examining physicians who found Plaintiff's elbow, wrist, and fingers within normal limits. AR 294, 592.

Dr. Jonathan Harrison examined Plaintiff in June 2016 and opined Plaintiff is limited to lifting/carrying 20 pounds occasionally and 10 pounds. AR 590-93. He further opined Plaintiff may occasionally reach overhead and forward bilaterally and occasionally handle, finger, and feel on the right. *Id*.

The ALJ specifically discounted Dr. Harrison's opinion concerning Plaintiff's manipulative limitations because it was inconsistent with his own findings. This is a valid reason to discount a physician's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ contrasted Dr. Harrison's proposed limitations with his findings from the exam showing Plaintiff's elbow, wrist, and finger within normal limits. AR 592. In discounting Dr. Harrison's opinion, the ALJ also cited similar evidence used in discounting Dr. Branting's.

AR 1297. As discussed, treatment notes in Plaintiff's record show her reaching capabilities was not as limited considering the normal findings with regards to her wrist, arms, and shoulder, even with Plaintiff's report of some pain. AR 336, 449, 1089, 1139, 1185. Given that the evidence cited by the ALJ, including those from Dr. Harrison himself, show mostly normal findings, the ALJ could reasonably discount the limitations proposed by Dr. Branting and Dr. Harrison.

Plaintiff lists several treatment notes throughout the record and argues they support Dr. Harrison's opinion. Dkt. 14, pp. 8-17. However, they are not necessarily relevant to Dr. Harrison's proposed manipulative limitations, and in fact undermine his opinion. *See, e.g.*, AR 308 (note about dizziness), 318 (strength intact in shoulder), 336 (strength intact in wrist), 398-99 (normal musculoskeletal examination), 422 (normal musculoskeletal examination), 520 (normal musculoskeletal examination), 442 (note about anxiety), 447 (normal cervical spine MRI), 449-50 (shoulder strength within normal limits), 926-27 (normal musculoskeletal examination), 1043 (note about migraines). And while several of Plaintiff's citations do include treatment notes about Plaintiff's reports of pain, the treatment notes are negated by her own reports of improvement, as further explained in the Court's discussion of the ALJ's evaluation of Plaintiff's subjective symptom testimony. *See infra*, Section III.

### C.  Dr. Elmi

On February 17, 2022, Dr. Abdolali Elmi testified that based on Plaintiff's impairments, Plaintiff is limited to light work, though lifting overhead would not be possible with either extremity. AR 1323. He opined Plaintiff can use her right hand to occasionally handle, feel, and manipulate, with no limitations with grasping and gross manipulations. *Id*.

The ALJ gave great weight to Dr. Elmi's testimony, finding it consistent with Plaintiff's record, including reports of improvement. AR 1294-95. As further discussed below, *see infra*,

Section III, the ALJ's interpretation of improvement is supported by substantial evidence, as the record shows Plaintiff's symptoms decreased with treatment and medication. Thus, in finding Dr. Elmi's testimony persuasive, the ALJ did not err.

Plaintiff, however, contends the ALJ mischaracterized Dr. Elmi's testimony and failed to account for her proposed limitations in her RFC, despite finding it persuasive. Dkt. 14, pp. 7-8. The Court disagrees.

First, Plaintiff argues that contrary to the ALJ's interpretation, Dr. Elmi did not opine that Plaintiff could reach forward without limitations and could reach in all directions, except overhead. *Id.* at 7; AR 1288. Plaintiff asserts Dr. Elmi found reaching forward could cause pain and therefore she should be limited to it occasionally. A review of the transcript shows otherwise.

The record shows Dr. Elmi believed "[r]eaching, *without lifting, without loading* is permissible and [Plaintiff] can do that." AR 1327 (emphasis added). Dr. Elmi clarified Plaintiff could reach forward with "no impingement" up to 90 degrees, while reaching "above 90 degrees forward, *going to where it is overhead*" should be limited to an occasional level, and lifting overhead should not be done at all. AR 1333 (emphasis added).

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, in pertinent part, the ALJ assessed Plaintiff could perform light work, though she "should not lift overhead bilaterally" and "can occasionally lift from arms at side to overhead" with "no limitations on reaching forward in front." AR 1285. This RFC directly and accurately reflects the limitations testified to and clarified by Dr. Elmi, therefore the Court rejects Plaintiff's argument.

In discounting Dr. Branting's and Dr. Harrison's opinions, the ALJ relied on Dr. Elmi's opinion. AR 1294-97. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester,* 81 F.3d at 831).

As explained, the ALJ properly evaluated Dr. Elmi's opinion, as the limitations he proposed are supported by the record. The ALJ, therefore, was justified in giving less weight to the opinions of Dr. Branting and Dr. Harrison, in favor of Dr. Elmi's. In sum, the Court finds the ALJ properly evaluated the medical opinion evidence.

**III.   Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred in discounting her subjective symptom testimony. Dkt. 14, pp. 15-17.

In the 2016 hearing, Plaintiff testified she is unable to work because she has pain in her back, shoulder, arms, and hands. AR 56. She stated she has numbness and sharp pains in her arms, legs, and shoulder when sitting, and numbness in her back when standing. AR 64. She stated she cannot bend or crouch well, and she cannot climb stairs or ladders, or crawl on her hands or knees. AR 65-66. In the May 2020 hearing, Plaintiff testified to having dizzying spells and difficulties with her memory. AR 639. She also testified to feeling depressed and having suicidal thoughts. AR 641-42.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Here, the ALJ discounted Plaintiff's testimony, finding her statements as to the severity and intensity of her symptoms inconsistent with Plaintiff's medical record. AR 1285-94. The ALJ's assessment is supported by substantial evidence.

### A. Physical Symptoms

First, the ALJ permissibly found Plaintiff's physical symptoms managed with treatment. Impairments that can be controlled effectively with medication are not disabling for the purpose

of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The record shows that throughout the relevant period, medication, steroid injections, and therapy helped with Plaintiff's back and shoulder symptoms. AR 281, 336, 405, 421, 1048-49, 1087, 1092, 1133 ("symptoms appear to respond to flexion bias exercise which is progressing slowly as anticipated as evidenced by changes in location of arm pain move from forearm to elbow"), 1142, 1156, 1161 The record shows medication was helpful with Plaintiff's migraines as well. AR 460 ("she has had no headaches since starting the medication daily"), 484 ("Improved dramatically on atenolol"). Further, treatment notes show Plaintiff reported her headaches decreased in severity, further indicating improvement in her condition. AR 1169-71, 1191-93.

      Though Plaintiff did report her headaches returned with medication, the record also shows she was not always compliant with her recommended treatment. AR 484 ("patient doesn't appear to be taking [medicine] regularly based on refills"), 504 ("She has not followed through on multiple recommendations for treatment in the past."), 1062 ("patient has a long history of short term use of medications and then stopping them, even when they work!"). "The ALJ may consider many factors in weighing a claimant's credibility, including . . . 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment . . .'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284).

      The ALJ similarly pointed out that Plaintiff's statements regarding the severity of her memory problems and dizziness are not supported by the record. AR 1291. In an evaluation, Plaintiff was found to have "some difficulty" with her memory, yet her concentration was intact, while treatment notes show Plaintiff described the dizziness as lasting for only a few seconds and

triggered by fast movements. AR 385, 405, 1115, 1946-47. The record also shows Plaintiff was diagnosed with vertigo, but her condition improved after being prescribed medication and was eventually found asymptomatic. AR 308 ("The dizziness is going away, as we expected with this condition."), 1171 ("Currently asymptomatic").

### B. Mental Health Symptoms

The ALJ also permissibly discounted Plaintiff's testimony regarding her mental health. AR 1291-92. The ALJ explained Plaintiff rarely reported such symptoms, and when she did, she reported medication as helpful and denied suicidal ideation. AR 1236-37. The ALJ also noted that in a May 2018 mental evaluation, Plaintiff reported experiencing significant symptoms, but she was not seeking treatment and only taking medication related to her physical symptoms and headaches. AR 1948.

Overall, the ALJ properly found the severity of Plaintiff's symptoms as alleged is not supported by her medical record, as her symptoms were managed with treatment and medication. Plaintiff's record also shows her treating sources found her noncompliance with her prescribed treatment contributed to resurgence of her symptoms. The reasons provided by the ALJ are valid and supported by substantial evidence. Therefore, in discounting Plaintiff's testimony the ALJ did not err.

The ALJ also provided another valid reason to discount Plaintiff's testimony, including Plaintiff's activities of daily living. AR 1293-94. The record shows Plaintiff was able to prepare meals daily, do yard work, shop, drive, take walks, and attend religious services. AR 203-06, 1726-28, 1945. "Even if the claimant experiences some difficulty or pain, her daily activities may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Smartt*, 53 F.4th at 499 (internal quotations omitted). That

Plaintiff was able to partake in such activities undermines her testimony regarding her physical limitations.

The ALJ also highlighted instances where Plaintiff reported that she was unable to work for reasons unrelated to her condition, such as the closure of her workplace. AR 351, 1219, 1286. That Plaintiff reported she could no longer work for reasons other than disability further supports the ALJ's decision to disregard her testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming the ALJ's disregard of a claimant's testimony in part because claimant stated he left his job because he was laid off, rather than due to his injuries).

Plaintiff argues medical evidence supports her testimony and points to various treatment notes throughout the record to support her argument. Dkt. 14, p. 8. However, Plaintiff's citations simply repeat the diagnoses and findings the ALJ noted and properly discounted. Further, because the ALJ also provided non-medical grounds to discount Plaintiff's testimony, even if the medical evidence the ALJ relied on to discount Plaintiff's testimony were insufficient, the ALJ's error would nonetheless be rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**IV.    Whether the ALJ Properly Evaluated Lay Witness Testimony**

Plaintiff contends the ALJ erred in discounting the testimony of Plaintiff's son. Dkt. 14, p. 17.

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons

germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d at 1111 (internal citations and quotation marks omitted).

Plaintiff's son provided a report about Plaintiff's symptoms that substantially mirrors Plaintiff's testimony. AR 187-94. The Court has found the ALJ properly discounted Plaintiff's testimony. Because the lay witness evidence states the same limitations as alleged by Plaintiff, the Court need not assess whether the ALJ erred in discounting Plaintiff's son's report. Where an ALJ has provided valid reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

### V.   Whether the ALJ's RFC Assessment and Step Five Findings are Supported by Substantial Evidence

Plaintiff contends the ALJ improperly determined her RFC due to the erroneous evaluation of the medical opinion evidence. Dkt. 14, pp. 17-18. Plaintiff further contends the ALJ's reliance on an improper RFC assessment tainted step five findings. *Id*.

But as discussed above, the ALJ's treatment of the medical opinion evidence, as well as Plaintiff's subjective symptom testimony, were proper. Plaintiff, therefore, has failed to show the RFC did not include all the credible limitations contained in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record). Accordingly, the Court finds the ALJ did not err in assessing Plaintiff's RFC and the ALJ did not err at step five.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is AFFIRMED.

Dated this 23rd day of August, 2023.

David W. Christel
United States Magistrate Judge